IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| COLBY F. DILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 1:07-cv-01100 (HHK) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves the Court to dismiss plaintiff's complaint on the grounds that he failed to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: September 14, 2007

Respectfully submitted,

/s/ Charles H. Keen
CHARLES H. KEEN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6536/614-6866
Email: charles.h.keen@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| COLBY F. DILL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No: 1:07-cv-01100 (HHK) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiff seeks damages for alleged unauthorized collection activities.

QUESTION PRESENTED

Plaintiff seeks damages under 26 U.S.C. § 7433. The complaint consists of generalized allegations without factual support. Should the Court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Colby F. Dill, filed this complaint on June 18, 2007, and served the United States Attorney General on July 17, 2007 and the United States Attorney for the District of Columbia on July 16, 2007. Plaintiff did not serve the Internal Revenue Service.

2. <u>Relief sought and allegations in the complaint</u>.  The complaint seeks damages under 26 U.S.C. § 7433.  (Compl., Remedy Sought, at 23-24.)  Plaintiff has organized his complaint into 33 purported "counts" of alleged wrongdoing by the Internal Revenue Service.  In each count, plaintiff makes no factual allegations, but merely restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes and regulations.<u>1</u>/

ARGUMENT

THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR DAMAGES<br>FOR FAILURE TO STATE A CLAIM.

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks $10,000 for each alleged disregard of statutory requirements.  (Compl., Remedy Sought, at 23-24.)

Plaintiff's complaint for damages under 26 U.S.C. § 733 is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests.  Fed.R.Civ.P. 8(a).  But, here, there are no facts in plaintiff's

---

<u>1</u>/ Plaintiff alleges that the Internal Revenue Service:  disregarded certain record-keeping requirements (counts 1-2); failed to prepare substitutes for returns for him (counts 3-7); failed to disclose their returns to him (count 8); forced him to use a social security number (count 9); failed to comply with assessment procedures (counts 10-20, 29); failed to follow audit procedures (counts 21-23); failed to send required notices (counts 17, 24-25, 28); failed to comply with section 6304 which prohibits harassing taxpayers (count 26); failed to provide him with hearings and mediation (count 27, 30-31); and improperly asserted tax liens (counts 28, 32-33).

2

complaint to support a claim for damages; and thus, this court should conclude that plaintiff has not, in fact or law, stated such a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

Here, most of plaintiff's allegations involve activities which are not related to the collection of taxes. Section 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim). Accordingly, all allegations in plaintiff's complaint which involve non-collection activities must be dismissed. These non-collection activities are found in counts alleging violations of record-keeping requirements (counts 1-2); the preparation of substitutes for return for taxpayers who fail to file tax returns (counts 3-7); use of taxpayer identification numbers (count 9); assessment of taxes (counts 10-20, 29); collection due process hearings and mediation (counts 27, 31), penalty determinations (counts 18-21, 29) and failure to provide return information (count 8).

Plaintiff alleges only six counts that relate to collections. These six counts allege that the Internal Revenue Service: (1) asserted a lien without giving proper notice and demand (count 28); (2) asserted liens for which no assessment was made (count 32); (3) failed to certify notices of federal tax lien under section 6323 (count 33); (4) failed to hold a "meaningful" hearing before levy (count 27); (5) engaged in harassing behavior (count 26); (6) failed to give notice or demand payment of taxes (count 27). Plaintiff's allegations, each of which is discussed below, have no factual support whatsoever, and thus fail to state a claim.

First, in count 28, plaintiff alleges that the Internal Revenue Service asserted a tax lien without proper notice and demand. *See* 26 U.S.C. §§ 6303, 6331. The Internal Revenue Service must provide notice of a tax assessment and demand payment thereof within 60 days of an assessment, 26 U.S.C. § 6303, and must give a taxpayer 30 days notice before it can make a levy. 26 U.S.C. § 6331(d)(2).2/ Plaintiff has provided no basis for his allegations and has provided no information from which this Court can conclude that he is entitled to relief.

Second, in count 32, plaintiff alleges that the Internal Revenue Service asserted liens for which no assessment was made. Again, the plaintiff makes a bare assertion

---

2/ Section 6303 states that "the Secretary shall . . . within 60 days, after the making of an assessment of a tax . . . give notice to each person liable for the unpaid tax." 26 U.S.C. § 6303(a). Section 6321 provides that "[i]f any person liable to pay any tax neglects of refuses to pay the same *after demand*, the amount . . . shall be a lien in favor of the United States upon all property and rights to property . . . belonging to such person." 26 U.S.C. 6321.

4

with no factual support whatsoever. The Court cannot determine what liens, if any, the plaintiff is asserting were made, for which periods, whether notices of federal tax lien were filed, or any other fact which would entitle plaintiff to relief.

 Third, in count 33, plaintiff alleges that the Internal Revenue Service failed to certify notices of tax lien for filing, in violation of 26 U.S.C. § 6323. Section 6323(f) sets forth the requirements for filing a notice of federal tax lien. Nowhere in the statute is there a requirement for "certification." The statute requires that a notice of tax lien against property be filed "in the office with the State . . . as designated by the laws of such State, in which the property subject to the lien is situated." 26 U.S.C. § 6323(f)(1). The notice of federal tax lien must be filed on "Form 668, Notice of Federal Tax Lien." 26 C.F.R. § 301.6323(f)-1(d)(1). The Form 668 must identify the taxpayer, the tax liability, and the date of the assessment. *Id*. at § 301.6323(f)-1(d)(2). Plaintiff has provided no information about the lien(s) which he alleges was improperly filed.

 Fourth, in count 27, plaintiff alleges that the Internal Revenue Service failed to hold a "meaningful" hearing before levy. *See* 26 U.S.C. § 6330(b). Section 6330(b) provides for a hearing before a levy is made. Section 6330(b) provides that a taxpayer is entitled to "notice and an opportunity for hearing upon filing of notice of lien." 26 U.S.C. §§ 6330(b). Upon the request of a taxpayer, one hearing will be held "with respect to the taxable period" described in the notice. 26 U.S.C. § 6320(b)(2). We note that plaintiff did not allege that a hearing was not held, only that a "meaningful" hearing was not held. Plaintiff has not alleged any facts from which the Court could

determine that he was entitled to notice or a hearing. He has not alleged that he requested any hearing, or identified any tax lien or levies at issue.

Fifth, in count 26, plaintiff alleges that the Internal Revenue Service engaged in harassing conduct. *See* 26 U.S.C. § 6304(b). Section 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(b). Again, plaintiff merely recites the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute.

Finally, in count 27, plaintiff alleges that the Internal Revenue Service failed to give notice or demand payment of taxes. The Internal Revenue Service must provide notice of a tax assessment and demand payment thereof within 60 days of an assessment, 26 U.S.C. § 6303. Plaintiff has provided no basis for his allegations and has provided no information from which this Court can conclude that he is entitled to relief.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any information whatsoever to demonstrate his right to relief. Accordingly, plaintiff has failed to state a claim, and this Court should dismiss the complaint. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1964-65.

CONCLUSION

Plaintiff's claims which do not allege collection activities must be dismissed for lack of jurisdiction. Those six counts that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that plaintiff is entitled to relief under section 7433. Thus, these six counts must be dismissed for failure to state a claim upon which relief can be granted. Therefore, this Court should dismiss plaintiff's complaint.

DATE: September 14, 2007.

Respectfully submitted,

 /s/ Charles H. Keen
CHARLES H. KEEN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6536/614-6866
Email: charles.h.keen@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COLBY F. DILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:07-cv-01100 (HHK) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Having considered the United States' motion to dismiss plaintiffs' complaint, together with the memorandum in support thereof, and having further considered plaintiffs' [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that defendant's motion to dismiss be and is GRANTED;

ORDERED that plaintiffs' complaint be and is DISMISSED;

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

CHARLES H. KEEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Colby F. Dill, pro se
261 Dennison Street
Auburn, ME 04210

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| COLBY F. DILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No: 1:07-cv-01100 (HHK) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO DISMISS COMPLAINT and proposed ORDER were served upon plaintiff *pro se* on September 14, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Colby F. Dill, pro se
>61 Dennison Street
>Auburn, ME 04210-5190

>/s/ Charles H. Keen
>CHARLES H. KEEN